No. 866

HOLLAND, Admr. v. MET. LIFE INS. CO.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 693. Decided May 17, 1926

345. CUSTOM & USAGE—Where a custom of insurance companies is offered in showing that district superintendents received percentages on renewals, it cannot be relied upon for recovery when the contract entered into between an insurance company and a superintendent discloses stipulations and terms entirely inconsistent with such custom.

BY THE COURT.

J. B. Henley brought this action originally in the Montgomery Common Pleas for an accounting against the Metropolitan Life Insurance Co., based upon an agency contract. Henley claimed that as superintendent of the Company's agency in Dayton, Ohio, he was entitled to a certain percentage of the renewal premiums which went through his office; and particularly upon the business solicited solely by himself.

The Company claimed to have paid or tendered payment upon the premiums due Henley upon insurance solicited by himself and denied liability for any renewals. Upon Henley's death, George F. Holland was substituted as plaintiff and the trial court rendered judgment in favor of the Insurance Co. Error was prosecuted and the Court of Appeals held:

1. The case rests upon the construction of the contract entered into between Henley and the Company.

2. Evidence was offered tending to prove a

custom among insurance companies in allowing a superintendent or district agent certain percentages upon renewals.

3. Such custom would be inconsistent with the contract entered into by Henley and the Company, and could not be made the basis of recovery.

4. By reading the contract in its entirety, this much is shown, viz:—that the stipulations therein as to the agents commission were to be exclusive; and that the agent yould have no claim to percentages upon future renewals upon termination of his commission under the contract.

5. When the Company paid or tendered to pay the commission upon business solicited by Henley, it fully discharged its obligations to him.

Judgment affirmed.

Attorneys—George F. Holland for Holland, Admr.; Craighead, Cowden & Smith for Company; all of Dayton.